UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD E. HAASE, et al.,

        Plaintiffs,

v.

                                       Case No. 08-10927

GUNNALLEN FINANCIAL, INC.,         Honorable Julian Abele Cook, Jr.
et al.

        Defendants.

## ORDER

This case involves a contention by the Plaintiffs, Donald E. Haase[1] et al., that they and the other members of a purported class[2] were wrongfully and purposefully induced by the Defendants, GunnAllen Financial, Inc., et al., to invest in "phony limited liability companies" in violation of then-existing federal and Michigan statutes.

On May 13, 2008, some of these investors, who have been identified herein as the "Repota Group,"[3] filed a motion in which they seek (1) to be collectively appointed as the lead plaintiffs in

---

[1]Haase is a resident of Oakland County, Michigan who claims to have "invested in unregistered securities through Defendants' Bluestein, May, and/or their related companies and entities including Defendants Questar and GunnAllen."

[2]It should be noted that the issue relating to class action certification has neither been addressed nor determined by the Court. Fed. R. Civ. P. 23(c)(1).

[3]For the purpose of this order, the movant (namely, the "Ropeta Group") consists of the following persons: Steve Ropeta, Lily Ropeta, Frank Ropeta, Mary Kay Ropeta, Susan Johnson and William Johnson.

1

this litigation and (2) the approval by the Court of their nomination of the lead counsel (namely, the law firms of Sommers Schwartz, P.C.; J. Thompson & Associates, P.L.C.; Paul L. Nine & Associates, P.C.; and Zimmerman Reed, P.L.L.P.) for the proposed class in accordance with the Private Securities Litigation Reform Act of 1995, ("PSLRA"), 15 U.S.C. § 78u-4.

I.

On March 14, 2008, the Ropeta Group caused a notice to be published in the *PrimeNewswire*,[4] which was ostensibly designed to inform potential class members of their right to petition the Court for the appointment of a lead plaintiff  Thereafter, the Ropeta Group filed a motion on May 13, 2008, along with "signed and filed certifications" by its members, all of whom expressed a willingness to serve as representative parties on behalf of the proposed class.[5]

In support of this motion, it is the position of the Ropeta Group that its aggregate claims against the Defendants constitute the largest collection of losses by any member of the prospective class; to wit, an amount in excess of $307,159.82 (from an original collective investment of over $462,915.00).[6] The Ropeta Group maintains that its members - like all of the other persons within the purported class - unwittingly purchased unregistered securities in these nonexistent "phony

---

[4]According to the July 30, 2008 version of the *PrimeNewswire* web site, it is "a press release newswire and multimedia service with one of the world's most extensive distribution networks."

[5]On July 3, 2008, two of the Plaintiffs, Donald F. Haase and Douglas K. Haase, proffered their written concurrence with the suggested designation of the Ropeta Group as the lead plaintiffs.

[6]According to the Ropeta Group, the claimed losses were calculated and based on the purchase of interests in the limited liability companies by its members during the suggested class period of February 4, 2003 through February 4, 2008 which represents the maximum period that is allowable under § 13 of the Securities Act, 15 U.S.C. § 77(m), and § 9 of the Exchange Act, 15 U.S.C. § 78(i).

2

limited liability companies" between February 4, 2003 and February 4, 2008 which, in turn, caused them to sustain damages. Turning to the request for the appointment of its nominee law firms as the lead counsel, the Ropeta Group submits that the collective experience of these attorneys "in successfully handling securities class actions and [their] significant research and effort in identifying and investigating the claims in this action" warrants an approval of their selection by the Court to this significant position.

II.

Upon certifying a class action, the court "must appoint class counsel" unless a statute provides otherwise. Fed. R. Civ. P. 23(g)(1)(A). However, even before a class action is certified, the PSLRA provides that

> "[n]ot later than 90 days after the date on which a notice is published under subparagraph (A)(I), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ."
> 15 U.S.C. § 78u-4(a)(3)(B).

Furthermore, the lead plaintiff, after having been appointed by a court, "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78U-4(a)(5). This statutory provision, which is central to the PSLRA, creates a rebuttable presumption that the investor with the largest financial interest in a securities fraud class action should be appointed the lead plaintiff for the lawsuit. § 78u-4(a)(3)(B)(iii). However, this presumption may be rebutted only "upon proof by a member of the putative plaintiff class that the presumptively most adequate plaintiff . . . . (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject

to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This "lead plaintiff" provision was adopted by the Congress as a means of encouraging an allegedly injured party with a large financial stake to become the class representative. *In re Quintus §. Litig.*, 201 F.R.D. 475, 487 (N.D. Cal. 2001). In addition, the Federal Rules of Civil Procedure provide the Court with the option to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). There are some courts that will consider nothing more than the financial stakes, and, thereafter, will complete its "lead plaintiff" inquiry by exploring and relying upon the requirements of Fed. R. Civ. P. 23. *See Ohio Public Employees Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1032 (S.D. Ohio 2005) ("Once it is established that a plaintiff either has filed a complaint or has moved for appointment as lead plaintiff within the strictures of the PSLRA, to determine which candidate should be lead plaintiff, the Court calculates which of the candidates has the largest financial interest, and then decides whether that candidate meets the typicality and adequacy requirements of Fed. R. Civ. P. 23(a)"). *See also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir.2001) ("Once the court has identified the movant with 'the largest financial interest in the relief sought by the class,' it should then turn to the question whether that movant 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure'. . . . ").

Rule 23(a) of the Federal Rules of Civil Procedure provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Finally, the most qualified plaintiff, after being selected, "shall, subject to the approval of

the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In judging the adequacy of the class counsel, the court may, *inter alia*, evaluate the attorneys' performance in this pending litigation. *See Sullivan v. Chase Investment Services of Boston, Inc.*, 85 F.R.D. 246, 258 (N.D. Cal. 1978). However, a court is encouraged to refrain from interfering with the choice of the "lead counsel" unless it is necessary to "protect the interests of the class." *See* § 78u-4(a)(3)(B)(iii)(II)(aa).

### III.

The requirements of the PSLRA, which pertain to the selection of the lead plaintiff, facially appear to have been satisfied in this case for several reasons. First, the counsel for the Ropeta Group seems to have filed a legally sufficient notice in a newspaper of general circulation (i.e., the *PrimeNewswire)* on March 14, 2008 within twenty days of filing the complaint[7] as required by the statute. *See Jolly Roger Offshore Fund LTD v. BKF Capital Group, Inc.*, 2007 WL 2363610, *2 (S.D. N.Y. 2007) (*PrimeNewswire* is a "suitable vehicle for meeting the statutory requirement that notice be published [as required by 15 U.S.C. § 78u-4(a)(3)(A)(I).]"). Moreover, the Ropeta Group timely filed its motion which addressed the lead plaintiff issue without any competing petitions by other prospective candidates. *See* 15 U.S.C. § 78u-4 (a)(3)(A), (B).

Although there may be some minor variances in the emphasis within the respective claims of each putative class member, the Ropeta Group has (1) proffered a sufficiency of evidence which ostensibly satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and (2) projected an interest in establishing each element of a claim for relief under the Securities Act and Exchange Act. Moreover, its interests appear to be sufficiently

---

[7]The complaint was filed on March 4, 2008.

5

parallel to ensure a full and vigorous representation of the interests of all those persons who are involved in this litigation.

With recognition that the currently pending motion which addresses the "lead plaintiff" issue is uncontested and has received the assent by other members of the proposed class, as well as by some of the Defendants,[8] and because it proclaims to have the largest financial interest in this litigation, the Ropeta Group's request to be appointed as the lead plaintiff is granted, pending a final decision by the Court regarding the issue of certification.

The Court also approves the Ropeta Group's identification of Sommers Schwartz, P.C.; J. Thompson & Associates, P.L.C.; Paul L. Nine & Associates, P.C.; and Zimmerman Reed, P.L.L.P. to serve as the interim lead counsel in this lawsuit. Fed. R. Civ. P. 23(g)(3). This request has been granted as an interim appointment because of (1) the prior substantial experience by these law firms in the prosecution of shareholder and securities class and shareholder derivative actions and (2) the quality of the pleadings that these attorneys have submitted to the Court in this litigation. 15 U.S.C. § 78u-4(a).

IV.

For the reasons that have been set forth above, the Court grants the Ropeta Group's motion in part and denies it in part. Specifically, the Court (1) grants the Ropeta Group's request to be appointed as the lead plaintiff and (2) approves its nomination of lead counsel pending a final decision relating to the issue of class certification by the Court.

---

[8]On July 3, 2008, two of the Defendants, Questar Capital Corporation and GunnAllen Financial Inc., filed a pleading in which they expressed their support for the adoption of the proposals by the Ropeta Group on May 13th relating to the appointment of the lead plaintiffs and the lead counsel in this action.

IT IS SO ORDERED.

Dated: August 5, 2008              s/ Julian Abele Cook, Jr.
    Detroit, Michigan             JULIAN ABELE COOK, JR.
                                     United States District Court Judge

Certificate of Service

I hereby certify that on August 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                       s/ Kay Alford
                                                       Courtroom Deputy Clerk