UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD E. HAASE, et al.,

        Plaintiffs,

v.

                                            Case No. 08-10927

GUNNALLEN FINANCIAL, INC., et al.,        Honorable Julian Abele Cook, Jr.

        Defendants.

## ORDER

This case involves a claim by the Plaintiffs, Donald E. Haase,[1] et al., all of whom contend that they and the other members of a purported class[2] were wrongfully and purposefully induced by the Defendants, GunnAllen Financial, Inc., et al., to invest in "phony limited liability companies" in violation of then-existing federal and Michigan statutes.

On December 15, 2008, the Plaintiffs filed a motion, in which they collectively seek to obtain the stay of a purportedly related action in the Oakland Country Circuit Court of Michigan (i.e., *In re: E-M Management Company and Edward Paul May*, Court No. 2007-086168 CZ )(hereinafter called "the ABC action"). The Defendants, Questar Capital Corporation and

---

[1]Haase is a resident of Oakland County, Michigan who claims to have "invested in unregistered securities through Defendants' Bluestein, May, and/or their related companies and entities including Defendants Questar and GunnAllen."

[2]The issue relating to class action certification has neither been addressed nor determined by the Court. Fed. R. Civ. P. 23(c)(1).

1

GunnAllen Financial, Inc., have filed their responses in opposition to this motion on December 29, 2008 and January 2, 2009.

I.

The Plaintiffs' motion to stay "the ABC action" turns on the similarity, if any, between the state court lawsuit and the putative class action legal proceeding in this federal court. It appears from a cursory examination of these two cases that both lawsuits center around the same twelve-year long Ponzi scheme which the aggrieved parties claim had been orchestrated by Edward P. May. According to the Plaintiffs in this litigation, May attracted many investors to his firm, E-M Management, by falsely representing that he was investing in a portfolio of companies with lucrative contracts and growth prospects. The Oakland County Circuit Court case and the action in this federal court contain a commonality of claims which indicate that no investments actually took place. Rather it is the collective positions of the aggrieved parties that E-M Management simply churned money from new investors to pay old investors after May took his share of the proceeds. However, this scheme collapsed when it grew so large that May could no longer attract enough new investors to pay the old investors. The complaints in both cases assert that May collaborated with the other Defendants in this lawsuit, stockbroker Frank J. Bluestein, Maximum Financial Group, Inc., Questar Capital Management Corporation, and GunnAllen Financial, Inc.

The ABC action is an *in rem* proceeding in which May retained attorney David M. Findling to serve as the assignee for the benefit of his creditors. As the assignee, Findling had a fiduciary duty to collect all of the assets and to pursue all claims of the estates of May and E-M Management for the benefit of their creditors. Essentially, it appears that Findling was the person who was responsible for an equitable redistribution of the assets to the investors.

May executed an assignment for the benefit of creditors, in which he appointed Findling as their assignee on September 19, 2007. Findling commenced the ABC action in the Oakland County Circuit Court on September 28, 2007. Approximately two weeks later (October 11th), he filed a voluntary Chapter 11 bankruptcy petition which automatically stayed the ABC action. The bankruptcy proceedings were dismissed on May 27, 2008. The state court reopened the ABC action on June 4, 2008. On June 10th, E-M Management executed an assignment for the benefit of its creditors, which included its designation of Findling as the assignee. On June 18th, the state court granted Findling's motion to consolidate those actions which were related to the administration of May's estate with the affairs of the E-M Management.

The putative class action case, which is now before this Court, was commenced on March 4, 2008. Thereafter, on December 3, 2008, the Plaintiffs filed a motion with the state court which was designed to stay the ABC action. Twelve days later, they filed a similar motion with this Court which, if granted, would stay the ABC action - just two days prior to the commencement of a hearing on the same issue before the Oakland County Circuit Court. Although the state court denied the Plaintiffs' motion, they did not appeal the decision.. Three days later, on December 18th, the Plaintiffs filed a motion in this Court in an effort to obtain a temporary restraining order and preliminary injunction. Their request was denied on January 21, 2009.

II.

The Plaintiffs argue that this Court should enjoin the ABC action because it falls under an exception to the Anti-Injunction Act, which authorizes a federal court to stay a state court proceeding if (1) the injunction is expressly authorized by an Act of Congress, (2) injunctive relief is necessary in aid of its jurisdiction, or (3) the issuance of an order is necessary to protect or

3

effectuate its judgments. 28 U.S.C. § 2283. In furtherance of their argument, the Plaintiffs posit that an injunction is appropriate when "a federal right or remedy . . . could be given its intended scope only by the stay of a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 238 (1972). They also note that the Private Securities Litigations Reform Act ("PSLRA") authorizes the federal courts to appoint lead plaintiffs. The Plaintiffs believe that this right to steer the litigation is critical and can only be protected here by enjoining the ABC action. They also argue that a failure to stay the ABC action would allow the alleged tortfeasors to circumvent the jurisdiction of this Court and, in so doing, inhibit its ability to enforce those rights which have been created by the PSLRA. *In re BankAmerica Corp. Secs. Litig.*, 263 F.3d 795, 804 (8th Cir. 2001).

The Plaintiffs are most concerned that, with Findling's power to pursue all claims, negotiate settlements, and redistribute assets, he will have completely distributed the finite pool of funds that is available for their damage claims prior to the final adjudication of this case on its merits. It is their position that if the ABC action is not stayed, they will be divested of any potential relief of recovery..

It is also the position of the Plaintiffs that the Securities Litigation Uniform Securities Act of 1934 ("SLUSA") provides a federal court with the power to stay discovery in a state court proceeding upon a "proper showing . . . as necessary in aid of its jurisdiction, or to protect or effectuate its judgments . . . ." 15 U.S.C. 78u-4(b)(3)(D). They believe that the risk of inconsistent decisions, a confusion among members of this putative class, and a potential waste of assets is clear evidence that "a stay is necessary to protect the interests that the PSLRA was passed to protect." *In re Adelphia Communications Corp.*, 293 B.R. 337, 353 (Bkrtcy. S.D.N.Y. 2003). Finally, the Plaintiffs assert that this Court, which has "exclusive jurisdiction over the federal claims . . . may

4

enjoin the parallel state court claim." *See*, *In re DPL Inc. Sec. Litig.*, 247 F. Supp. 2d. 946 n. 6 (S.D. Ohio 2003).

In their opposition papers, the Defendants contend that (1) neither the PSLRA nor the SLUSA "expressly authorizes" the type of relief that the Plaintiffs seek to obtain in their motion, (2) a stay of "the ABC action" would not be a necessary aid of this Court's jurisdiction, and (3) the *Rooker-Feldman* doctrine bars this Court from hearing an appeal of a state court ruling.  They initially assert that if there exists any doubt about the entry of a stay of a state court proceeding, there is a presumption "in favor of permitting the state courts to proceed . . . ." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297 (1970).  The Defendants also note that the Plaintiffs' motion to stay the ABC action was rejected by the Oakland County Circuit Court because the PSLRA did not expressly authorize the issuance of an injunction. In making this argument, they distinguish this case from *In re BankAmerica* which involved multiple class action lawsuits.  It appears that the claims in *In re BankAmerica* were identical or nearly identical to those that had been filed in state and federal courts which, in turn, prompted a power struggle among the plaintiffs over the control of the litigation.  263 F.3d 795.  A group of plaintiffs, who had been original parties to *In re BankAmerica* - a consolidated federal class action - filed a lawsuit in a state court action when they were not appointed to serve as the lead plaintiffs.  *Id*. The Defendants also submit that neither May nor E-M Management are involved in the case before this Court. They point out that there are no defendants in "the [*in rem*] ABC action." Additionally, they argue that an award of damages, if any, in this federal action will not come from the same pool of funds as the damages in "the ABC action."  The Defendants also assert that the SLUSA does not authorize the relief that the Plaintiffs seek to obtain in their motion, emphasizing that "the ABC action" is an

estate bankruptcy proceeding whereas the litigation before this Court is a federal securities class action. They cite *In re Adelphia* as an example of the defendants being protected from the plaintiffs who circumvented the heightened pleading standards of federal securities law by seeking discovery in a state court proceeding. 293 B.R. at 350. Finally, they submit that the "in aid of jurisdiction" exception under the SLUSA is inapplicable here because this federal lawsuit is not involved in a consolidated multi-district litigation. Most importantly, the Defendants argue that under the *Rooker-Feldman* doctrine, this Court does not have the authority to review a state court ruling.

III.

Initially, it should be noted that the Plaintiffs have not responded to the arguments by the Defendants who contend that this Court is barred from granting their motion under the *Rooker-Feldman* doctrine. The Court does not have subject matter jurisdiction to review a state court decision. *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir. 2008). To do so would violate the *Rooker-Feldman* doctrine which prohibits federal courts - other than the Supreme Court - from directly reviewing state court decisions for lack of subject matter jurisdiction. *Id*.

The Sixth Circuit Court of Appeals has established that the relevant *Rooker-Feldman* inquiry is "whether the 'source of the injury' upon which [the] plaintiff bases his federal claim is the state court judgment . . . ." *Id*. If the source is the state court decision - as it is here - then the *Rooker-Feldman* doctrine precludes this federal court from reviewing it. *McCormick v. Braverman*, 451 F.3d. 382, 393 (6th Cir. 2006). As such, the Court does not need to consider the merits of the Plaintiffs' underlying claims in order to reach a decision on this motion. Hence, the Court declines to address the parties' other arguments inasmuch as the issues, including the pool of assets, in this

federal lawsuit are distinct from the ABC action. Thus, the Court concludes - as it must - that it lacks subject matter jurisdiction to enjoin "the ABC proceedings" for the above-stated reasons.

## IV.

Therefore, the Plaintiffs motion to stay the state court proceedings is denied.

IT IS SO ORDERED.

Dated:   August 11, 2009               S/Julian Abele Cook, Jr.
         Detroit, Michigan             JULIAN ABELE COOK, JR.
                                       United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 11, 2009.

                                       s/ Kay Doaks
                                       Case Manager